HORACE SALISBURY and Others, Appellants, *v.* THE COUNTY OF WASHINGTON, Respondent.

*Riot — notice to the sheriff of contemplated injury to property — inability excuses it.*

The inability on the part of a person whose property has been injured by a riot to give notice to the sheriff, under the provisions of section 21 of chapter 685 of the Laws of 1892, of a threat or attempt to destroy the property, immediately upon acquiring such knowledge, excuses him from giving such notice.

APPEAL by the plaintiffs, Horace Salisbury and others, from an order of the Supreme Court, made at the Washington Special Term

and entered in the office of the clerk of the county of Washington on the 20th day of December, 1897, setting aside the verdict of a jury in favor of the plaintiffs and directing a new trial.

*George R. Salisbury,* for the appellants.

*O. A. Dennis,* for the respondent.

LANDON, J. :

The action was brought to recover damages alleged to have been sustained by reason of a riot which it is claimed took place in the town of Greenwich, Washington county, on or about the 17th of October, 1896, resulting in injury to certain premises of the plaintiffs known as "The Grove House." The evidence tended to show, and the jury by their verdict have found, that the plaintiffs' house was injured by a mob or riot. The learned trial judge, upon motion of the defendant, set the verdict aside and granted a new trial, " because, first," as stated in the order, " the plaintiffs failed to prove upon the trial that they notified the sheriff of the county of a threat or attempt to destroy their property immediately upon acquiring such knowledge, or that they did not have such knowledge until the property was injured. Second, the plaintiffs failed to prove upon the trial that they brought their action within three months after the damages were sustained."

The statute under which the action was brought is as follows (The General Municipal Law, chap. 685, Laws of 1892, § 21):

" A city or county shall be liable to a person whose property is destroyed or injured therein by a mob or riot for the damages sustained thereby, if the consent or negligence of such person did not contribute to such destruction or injury, and such person shall have used all reasonable diligence to prevent such damage, shall have notified the mayor of the city, or sheriff of the county, of a threat or attempt to destroy or injure his property by a mob or riot, immediately upon acquiring such knowledge, and shall bring an action therefor within three months after such damages were sustained."

We assume that the conditions specified in the statute must be proven by the plaintiffs to entitle them to recover, except that the

inability to give notice to the sheriff excuses the giving of it. (*Ely v. The Board of Supervisors of Niagara County*, 36 N. Y. 297.) The plaintiffs did not give any prior notice to the sheriff.

Upon the trial the testimony was directed to the circumstances of the attack by the rioters upon plaintiffs' house and the damages done. The testimony closed without attention having been directed by either party to the matter of notice to the sheriff or to the time when the action was commenced. The record recites, "The defendant moves upon the evidence to dismiss the complaint upon the ground that they have failed to prove facts sufficient to constitute a cause of action. Motion denied; exception taken." The trial court thereupon charged the jury, among other essential matters, that if the plaintiffs "did not have, prior to that time (when the riot took place), any notice of it, so they could have communicated with the proper officers of the county, and if they brought their action for the recovery of the damages sustained within three months after the injury was sustained by them, then they are entitled to recover whatever damages you may find," etc. The court further charged, in effect, that if the plaintiffs had no notice or information that any such injury was to be attempted upon their property, they were not bound to give the sheriff notice.

We think the jury were authorized, upon the evidence of the circumstances, and in view of the fact that the point was not so taken as to suggest to their minds that there was any dispute about it, in finding that the plaintiffs did not have any notice or information that any attack upon their property was meditated. The trial court said to the jury, and, we think, properly, under the evidence: "You can readily see that their going there may have been perfectly lawful in the first instance," and "if being there, three or more of them formed a common purpose to destroy or injure this building, and, in pursuance of that common purpose, carried it into effect," then the property was injured by a mob or riot within the meaning of the statute. We think, therefore, that the verdict ought not to have been set aside because of the plaintiffs' failure to notify the sheriff or to give further evidence upon the trial excusing such failure. Practically, the point was not made until after the verdict, and the course of the trial leads us to think that if it had been made before verdict it would have been more completely obviated.

2. The injury was done October 17, 1896.   The case opens with the statement, "This action was begun on the 15th of January, 1897."   This statement is made by the appellant under the rule. This, of course, is not part of the evidence given upon the trial, but it suggests that the objection was not there taken, because, if taken, it would have been obviated.   We may, after verdict, assume that this fact, known to both parties and easily provable, was assumed to be true for the purposes of the trial.

The order should be reversed, with costs.

All concurred.

Order reversed, with costs and disbursements.